UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ABEL LEAL MARIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 7:16-CV-170 |
| VS. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Abel Leal Marin, a state prisoner proceeding pro se, initiated this action in March 2016 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner pleaded guilty in state court to the felony offenses of driving while intoxicated and possession of a controlled substance. The trial judge sentenced Petitioner to seven years' imprisonment. Petitioner now seeks federal habeas corpus relief, claiming that he was not provided an interpreter when he pleaded guilty and that he did not know that his sentences on his state convictions would run consecutive to his federal sentence on an illegal reentry conviction.

Pending is Respondent's motion for summary judgment. (Docket No. 11.) Respondent's principal argument is that the petition should be dismissed because Petitioner failed to file it in a timely manner.

After carefully considering the pleadings and the applicable law, the undersigned concludes that this action should be dismissed. As explained further below, Petitioner filed this federal habeas action long after the applicable one-year limitations period expired, and the circumstances here do not qualify for statutory or equitable tolling. Accordingly, it is recommended that Respondent's motion for summary judgment be granted and that this action

be dismissed as untimely. It is further recommended that the District Court not issue a certificate of appealability.

## I. BACKGROUND

On April 24, 2013, Petitioner was sentenced in federal court to 70 months' imprisonment after pleading guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. (*United States v. Abel Marin-Leal*, No. 7:12-cr-1664.) The judgment in his federal case reflected the District Court's order that his federal sentence run consecutively to any sentence imposed in connection with Petitioner's pending charges in state court. (*Id.* at Docket No. 25.)

On June 10, 2013, Petitioner pleaded guilty in the 275th Judicial District Court of Hidalgo County, Texas to (1) the felony offense of driving while intoxicated in cause number CR-4519-12-E and (2) possession of a controlled substance, cocaine, in cause number CR-1183-13-E. The trial court sentenced Petitioner to seven years' imprisonment pursuant to a plea bargain agreement. Petitioner is serving his sentences for the two state convictions concurrently, after which he will serve his 70-month federal sentence.[1]

As part of his state plea bargain agreement, Petitioner waived the right to appeal. Petitioner filed two separate state habeas applications in 2015 challenging his state convictions. The Texas Court of Criminal Appeals denied the habeas applications without written order on February 17, 2016, and May 25, 2016.

Petitioner filed the instant federal petition on March 24, 2016. Petitioner raises two grounds for relief: 1) he received ineffective assistance of counsel in pleading guilty to the state charges because he was denied an interpreter and could not understand the admonishments; and

---

[1] Petitioner is also in custody pursuant to a July 1, 2008, state court sentence for possession with the intent to deliver a controlled substance. The instant petition does not challenge that conviction.

2) his guilty plea was involuntary because he did not know that his state and federal sentences would run consecutively. (Docket No. 1.)

Respondent argues summary judgment is appropriate because the one-year limitations period found in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") bars any challenge to Petitioner's state convictions. (Docket No. 11.) Petitioner has filed a reply to the pending summary judgment motion. (Docket No. 12.)

## II. ANALYSIS

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

As part of his plea agreement, Petitioner waived the right to appeal his convictions. A state conviction becomes final under this statute when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). In a case, such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after sentencing. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012); s*ee also Gonzalez v. Thaler*, 565 U.S. 134, 139 (2012) (noting that a conviction becomes final "when the time for seeking further direct review in the state court expires"). Petitioner's convictions became final on July 10, 2013. Without tolling, Petitioner's federal habeas corpus petition was due by July 10, 2014, but he did not file it until March 24, 2016.

**B. Statutory Tolling**

A properly filed state habeas corpus application generally will toll the one-year federal habeas corpus deadline. 28 U.S.C. § 2244(d)(2). Petitioner filed his two state habeas applications in 2015, after the one-year deadline for filing his federal habeas petition had expired. Because Petitioner had no state habeas corpus application pending as of the date his conviction became final for purposes of AEDPA's limitations period, he is not entitled to statutory tolling under Section 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding petitioner's state habeas corpus application did not toll the limitations period under Section 2244(d)(2) because it was not filed until after the period of limitations had expired).

4

Petitioner has not established that he was subject to any state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if Petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, Petitioner fails to establish a statutory exception to the AEDPA limitations period.

**C. Equitable Tolling**

The statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not meet the first criteria for equitable tolling because he did not diligently pursue his rights before the limitations period expired. Petitioner does not allege facts showing that he took any steps to challenge his conviction during that time. "Equity is not intended for those who sleep on their rights." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

In his response to the summary judgment motion, Petitioner blames his delay on various circumstances: "1) he CAN NOT speak or understand the ENGLISH language. Petitioner CAN NOT read English THEREFORE he CAN NOT be barred due to the fact the he is a LAYMAN

TO LEGAL MATTERS. 3) his attorney DID NOT explain to him about any appeal. 4) He had NO INTER[PRETER]. 5) He is in prison and has limited access to the law library. 6) Petitioner had to fin[d] someone to help him with this Legal matter." (Docket No. 12 at 1.)

Although the Fifth Circuit does not appear to have specifically addressed equitable tolling in the context of a petitioner's ability to communicate in English, other courts of appeal have held that, as a general rule, any lack of familiarity with the English language does not warrant equitable tolling. *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Mendoza v. Minnesota*, 100 F. App'x 587, 588 (8th Cir. 2004); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A petitioner's ignorance of the law, pro se status, illiteracy, and lack of legal training will not support equitably tolling the AEDPA limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Limited access to a law library does not equitably toll the limitation period. *See id*. Such impediments are common problems for inmates seeking post-conviction habeas relief and are insufficient to justify equitable tolling of the limitations period. *See id*. at 171-73; *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999). Far from being extraordinary, Petitioner's circumstances are typical of many prisoners seeking habeas relief in the Southern District of Texas.

Petitioner also argues that his attorney did not explain that he had waived the right to an appeal and that he did not have an interpreter in the plea proceedings. The state court records, however, show that an interpreter was provided to Petitioner in his state proceedings. (Docket No. 10, Attachment 9 at 92.) Further, the state habeas court found that Petitioner understood the plea proceedings and the rights that he waived. (Docket No. 10, Attachment 9 at 102-03.)

6

Because the record clearly contradicts Petitioner's arguments, he has not shown a basis for equitably tolling the limitations period.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Petition for a Writ of Habeas Corpus be **DISMISSED** and Respondent's Motion for Summary Judgment (Docket No. 11) be **GRANTED**. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### IV. CERTIFICATE OF APPEALABILITY

AEDPA bars appellate review of a habeas petition unless a district or circuit court certifies specific issues for appeal. *See* 28 U.S.C. § 2253(c); FED.R.APP.P. Rule 22(b). Even though Petitioner has not sought a Certificate of Appealability ("COA"), a court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court must

---

[2] Because Petitioner's claims are time-barred, it is unnecessary to further address them. In any event, it is clear that Petitioner's claims lack merit. His principal contention is that he did not know that his state sentences would run consecutive to his federal sentence because he was not provided an interpreter in state court and no one had explained it to him. As noted above, the state court record reflects that he did have an interpreter during his state court proceedings. Moreover, the transcript of his federal sentencing hearing shows that Petitioner was fully aware that his federal sentence would run consecutive to any state sentence. During the hearing, Petitioner's federal counsel requested that Petitioner's federal sentence run concurrent with the sentences he received in his pending state cases. (*United States v. Abel Marin-Leal*, No. 7:12-cr-1664, Docket No. 33, Sentencing Tr. 7.) The District Court denied this request, ruling that Petitioner's federal sentence would run consecutive to any sentence he received in state court. (*Id*. at 9-10.) In stating the reasons for Petitioner's sentence, the Court emphasized his lengthy criminal history and also noted that the pending state charges reflected additional crimes. (*Id*. at 7-11.) The transcript of Petitioner's federal sentencing hearing shows that he used the services of an interpreter during the hearing. (*Id*. at 3-4.) Both the state court record and the federal court record thus refute Petitioner's claim that he did not know that his federal sentence would run consecutive to his state sentences.

address whether the circumstances justify an appeal before issuing a final judgment. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that all of Petitioner's claims are barred by the AEDPA one-year limitations period. Accordingly, Petitioner is not entitled to a COA.

8

## **NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 22, 2017.

Peter E. Ormsby
United States Magistrate Judge